```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TYRONE P. ROCKEMORE, | No. 1:22-cv-01942-NLH-AMD |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| CITY OF CAMDEN, | |
| Defendant. | |

**HILLMAN**, District Judge

WHEREAS, on April 5, 2022, Plaintiff Tyrone P. Rockemore ("Plaintiff") filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"), (ECF 1-1), which the Court later granted, (ECF 3 at 4); and

WHEREAS, Plaintiff's Complaint names a sole defendant – City of Camden ("Defendant"), (ECF 1 at 2); and

WHEREAS, Plaintiff asserts that the Court has federal question jurisdiction over this matter due to alleged violations of his general Fourteenth Amendment rights, (id. at 2); and

WHEREAS, Plaintiff claims to have been stabbed by two individuals, resulting in a month-long hospital stay, and seeks $5 million in damages, (id. at 3-4); and

WHEREAS, proceedings in forma pauperis are governed by 28 U.S.C. § 1915, see James v. Quinlan, 886 F.2d 37, 39 (3d Cir. 1989); and

WHEREAS, while 28 U.S.C. § 1915 refers to prisoners, "federal courts apply § 1915 to non-prisoner IFP applications," Edwards v. Lindenwold Police Dep't, No. 21-13076, 2022 WL 621064, at *2 (D.N.J. Mar. 3, 2022) (citing Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011)); and

WHEREAS, 28 U.S.C. § 1915 requires dismissal upon a court's determination that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant immune from such relief, 28 U.S.C. § 1915(e)(2); and

WHEREAS, the failure to state a claim standard of 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that of Federal Rule of Civil Procedure 12(b)(6), Farrell v. Brady, 782 Fed. Appx. 226, 228 n.1 (3d Cir. 2019) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)); and

WHEREAS, when a pro se plaintiff asserts federal constitutional violations without specificity, a court may construe such claims as having been asserted pursuant to 42 U.S.C. § 1983, see Balice v. United States, No. 17-13601, 2018 WL 3727384, at *3 (D.N.J. Aug. 6, 2018) (discussing sovereign immunity and recognizing that complaints that fail to identify the statutes underlying alleged constitutional violations "do not pass Rule 12(b)(6) muster"); and

WHEREAS, "[a] municipality is liable under § 1983 when a

plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation," Mann v. Palmerton Area Sch. Dist., 872 F.3d 165, 175 (3d Cir. 2017); and

   WHEREAS, to survive a motion to dismiss under Rule 12(b)(6) in a 42 U.S.C. § 1983 action against a municipality, "a plaintiff 'must identify a custom or policy, and specify what that custom or policy was,'" Grandizio v. Smith, No. 14-3868, 2015 WL 58403, at *5 (D.N.J. Jan. 5, 2015) (quoting McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009)); and

   WHEREAS, similarly, "fail[ure] to disclose any factual basis for" a defendant's purported liability "is appropriate for a motion dismiss under Rule 12(b)(6)," see Thomasson v. Air & Liquid Sys. Corp., No. 13-1034, 2015 WL 1639730, at *5 n.11 (D.N.J. Apr. 9, 2015); and

   WHEREAS, in its April 12, 2022 Opinion and Order, the Court identified two deficiencies in Plaintiff's Complaint: (1) failure to specify a violation of a constitutional provision or law and (2) failure to identify the location of the incident or a basis for Defendant to be held liable, (ECF 3 at 3-4); and

   WHEREAS, the Court, in the same Opinion and Order, ordered Plaintiff to amend his Complaint within twenty days to cure the noted deficiencies and stated that it would dismiss the Complaint if Plaintiff failed to do so, (id. at 4); and

WHEREAS, Plaintiff submitted a document-less filing on the same day as the Court's Opinion and Order, (ECF 4), but has yet to amend his Complaint as ordered; and

WHEREAS, because Plaintiff has failed to cure the deficiencies of his Complaint, the action must be dismissed, see 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

THEREFORE,

IT IS HEREBY on this  5th   day of  December , 2022

ORDERED that Plaintiff's Complaint, (ECF 1), is dismissed without prejudice.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.